UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                                       Civil No. 04-CV-73725-DT
                                                        HONORABLE AVERN COHN

v.
HUGH WOLFENBARGER,

    Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Charles Ward (Petitioner) is a state inmate at the Egeler Reception and Guidance Center in Jackson, Michigan, where he is serving a parolable life sentence for for possession with intent to deliver 650 or more grams of cocaine, in violation of M.C.L. § 333.7401 (1) and (2)(a)(I). Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims lack merit. Petitioner has filed numerous papers in response. For the reasons which follow, the petition will be denied.

### II. Procedural History

Petitioner was convicted of the above offense in the Washtenaw County Circuit Court in 1981 and was sentenced to life imprisonment without parole. Petitioner's conviction was affirmed on direct appeal. *People v. Ward,* 133 Mich. App. 344 (1984); *lv.*

*den.* 422 Mich. 975 (1985).

Due to a change in Michigan law, Petitioner's sentence was made parolable and Petitioner was paroled on November 11, 2004. On July 15, 2005, Petitioner was arrested for a parole violation and apparently remains detained on that violation.

In 2003, Petitioner filed a motion for re-sentencing, which was denied. *People v. Ward,* 79-13902-FY (Washtenaw County Circuit Court, August 21, 2003); *reh. den.* September 22, 2003. The Michigan appellate courts denied Petitioner leave to appeal. *People v. Ward,* 252153 (Mich.Ct.App. March 15, 2004); *reconsideration den.* 252153 (Mich.Ct.App. April 19, 2004)*; lv. den.* 471 Mich. 899 (2004).

Petitioner filed this application for habeas relief with the court on or about September 28, 2004, raising the following claims:

I. Petitioner is entitled to re-sentencing under his [sentencing] "guidelines."

II. Petitioner is entitled to an amended presentence investigation report and

BIR.

On March 29, 2005, Respondent filed a motion to transfer the petition to the Court of Appeals for the Sixth Circuit, on the ground that it is a second or successive challenge to Petitioner's 1981 conviction. On April 12, 2005, the Court granted the motion and transferred the petition pursuant to 28 U.S.C. § 2244(b)(3)(A) to the Sixth Circuit for authorization for Petitioner to file a second petition.

On November 22, 2005, the Sixth Circuit ruled that the petition was not a second or subsequent challenge to his 1981 conviction and that it was unnecessary for Petitioner to obtain a certificate of authorization prior to proceeding in the federal district court with his current habeas petition. *In Re Ward,* 05-1479 (6th Cir. Nov. 22, 2005). The matter was

remanded to the Court for further proceedings. *Id.*

On December 12, 2005, Petitioner filed an amended habeas petition in which he sought to add a third claim involving the state circuit court's alleged delay in adjudicating a post-conviction motion that he claimed to have filed with the state court in 1995.

Respondent filed an answer to the petition on February 8, 2006. Petitioner has filed a number of papers in response.

### III.  Analysis

#### A.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to

be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## B. The re-sentencing claim

Petitioner initially claims that he should be re-sentenced under the new, more lenient sentencing provisions of Michigan's controlled substances laws, contending that 2002 P.A. 665, which reduced the penalties for his offense, should be applied retroactively to his case. The trial court sentenced Petitioner under the version of M.C.L.A. 333.7401(2)(a)(i) which provided a mandatory nonparolable life sentence for possession with intent to deliver more than 650 grams of cocaine. The Michigan Legislature subsequently amended Michigan's drug laws to allow for parole consideration for persons convicted under this subsection. [1] Effective March 1, 2003, the Michigan's Controlled Substances Act was amended pursuant to 2002 P.A. 665 to provide for different penalty schemes. Petitioner contends that he should be re-sentenced under these new, more lenient, sentencing provisions.

This claim lacks merit. A habeas Petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground. *See Dockins v. Hines,* 374 F. 3d 935, 940 (10th Cir. 2004). In addition, the Michigan Court of Appeals has held that the new sentencing provisions contained within 2002 P.A. 665 should be applied only

---

[1] Mich. Comp. Laws § 791.234(6); as amended by P.A. 1998, No. 314, effective October 1, 1998.

prospectively and only to those offenses committed on or after the effective date of the legislation, March 1, 2003.  *See People v. Doxey,* 263 Mich. App. 115, 122 (2004); *lv. den.* 472 Mich. 878 (2005).  Petitioner does not deny that the offense that he was convicted of occurred prior to the enactment date of 2002 P.A. 665.  Because the Michigan Court of Appeals has held that the provisions of 2002 P.A. 665 do not apply retroactively, Petitioner's claim that the trial court should have sentenced him under the amended penalties contained in this Public Act does not warrant habeas relief.  *See Snook v. Wood,* 89 F. 3d 605, 611 (9th Cir. 1996).

Petitioner also contends that his life sentence is cruel and unusual punishment.  A sentence imposed within the statutory limits is not generally subject to habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment.  *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

The Supreme Court has held that the imposition of a mandatory sentence of life imprisonment without parole on a conviction for possession of over 650 grams of cocaine pursuant to the statute that Petitioner was convicted under is not cruel and unusual punishment in violation of the Eighth Amendment.  *Harmelin v. Michigan,* 501 U.S. 957, 994-995 (1991).  Therefore, the original sentence of life without parole that was imposed in this case was not contrary to, or an unreasonable application of, clearly established federal law, nor would Petitioner's current parolable life sentence amount to cruel or unusual punishment either.

Petitioner finally claims that he is being denied equal protection because other

defendants who have been convicted after the amendment of Michigan's controlled substances law have received lesser sentences for possessing the same, or greater, quantities of cocaine or heroin. There is no constitutional requirement that persons convicted of the same offenses receive identical sentences. *Williams v. Illinois*, 399 U.S. 235, 243 (1970). A state legislature may therefore prospectively reduce the maximum penalty for a crime even though prisoners sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than a prisoner sentenced to the maximum term thereafter. *See Frazier v. Manson,* 703 F. 2d 30, 36 (2nd Cir. 1983). Petitioner is therefore not entitled to habeas relief on his first claim.

### C. <u>The pre-sentence investigation report claim</u>

Petitioner also claims that his pre-sentence report contains inaccurate information. This claim lacks merit. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a Petitioner to habeas relief. *Id.*

More importantly, there is no allegation that the trial court relied on the alleged inaccurate information contained within the pre-sentence report in sentencing Petitioner. A habeas Petitioner is not entitled to relief on his claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the Petitioner. *See Draughn v. Jabe,* 803 F. Supp. 70, 80 (E.D. Mich. 1992). Because Petitioner did not allege that the trial court

judge used any of the inaccurate information that was contained in the pre-sentence investigation report in fashioning the sentence in this case, Petitioner is not entitled to habeas relief on his claim.

### D.  Amending the Habeas Petition

Petitioner has also sought to amend his petition.  Rule 2(c) of the Rules Governing Section 2254 Cases requires habeas Petitioners to "specify all the grounds for relief available to the Petitioner" and "state the facts supporting each ground."  Furthermore, a one-year statute of limitations applies to habeas petitions filed by state prisoners.  See 28 U.S.C. § 2244(d).  Habeas petitions generally must be filed no more than one year from the date that the conviction became final. 28 U.S.C. § 2244(d)(1)(A).

Petitioner's first habeas petition was timely filed, but his proposed amended petition was filed on December 12, 2005, over one year after Petitioner had filed his initial habeas application, and only after the Sixth Circuit had remanded the matter for consideration of the merits of his original petition.  The proposed new claims, therefore, are untimely unless they relate back to the date of Petitioner's initial habeas petition.

An amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

The Supreme Court has interpreted Rule 15(c)(2) to mean that "[a]n amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type

7

from those the original pleading set forth." *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005). It is not enough that the original and amended claims attack the same trial, conviction, or sentence. *See id.* at 2570-71. Relation back is permissible only if "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 2574.

As discussed above, the essence of the two claims in the original habeas petition was that Petitioner should be re-sentenced pursuant to Michigan's amended controlled substances law and that his pre-sentence investigation report contained inaccurate information.

By contrast, in his amended habeas application, Petitioner has added a claim that the state trial court has violated his rights to due process and access to the courts by its failure to adjudicate a post-conviction motion for relief from judgment that Petitioner claims to have filed on July 31, 1995. Although not entirely clear, in several subsequent pleadings, Petitioner seems to wish to add to his petition the underlying subsequent claims that he raised in his post-conviction motion for relief from judgment. These claims involve the state trial court's failure to give the jury an instruction on accomplice testimony, and counsel's ineffectiveness for failing to request such an instruction, the sufficiency of evidence at trial, two claims involving the legality of the search warrant in this case, appellate counsel's ineffectiveness in failing to raise the legality of the search warrant, and the Washtenaw County Circuit Court judge's alleged lack of jurisdiction to adjudicate the legality of Petitioner's arrest in Ingham County.

The amended claim or claims differ in time and type from the claims in the initial habeas pleading. The new claims with which the Petitioner seeks to amend his petition

8

do not share a "common core of operative facts" with his original claims and therefore cannot "relate back" to the date of filing of the original petition. *See Eller v. Bock,* 422 F. Supp. 2d 813, 818 (E.D. Mich. 2006). Thus, under *Mayle*, the amended claims do not relate back to the initial pleading, and they are barred from review by the one-year statute of limitations.

Although equitable tolling applies to the habeas statute of limitations, *Dunlap v. United States*, 250 F. 3d 1001, 1003 (6th Cir. 2001), the time between the filing of the original habeas petition on September 28, 2004 and the filing of the respondent's motion to transfer the petition to the Sixth Circuit on March 29, 2005, their first responsive pleading, was "rather long." *Mayle*, 125 S. Ct. at 2574. Petitioner has not established that "some extraordinary circumstance stood in his way," *Pace v. Guglielmo*, 544 U.S. 408, 418 (2005), or that he lacked knowledge of the filing requirement. *Andrews v. Orr*, 851 F. 2d 146, 151 (6th Cir. 1988). Nor has he asserted a credible claim of actual innocence. *Cf. Souter v. Jones*, 395 F. 3d 577 (6th Cir. 2005).

The Court therefore concludes that equitable tolling of the limitations period for Petitioner's proposed new claims is not appropriate and will deny Petitioner's request to amend the petition to add additional claims.

Petitioner has also now filed a motion for leave to prepare a second amended habeas petition and a motion for extension of time to prepare and file briefing on issues not yet briefed. The Court will deny this request. Petitioner has had almost two years to file pleadings. During this time, he has filed numerous briefs, pleadings, and documentation. Moreover, in light of the fact that the issues raised in his original petition are without merit, and the proposed amended petition is untimely, the Court sees no need

9

to grant Petitioner additional time to file a second amended petition or to brief additional issues.

### E.  The motion for reconsideration

Petitioner has also filed a motion for reconsideration from the court's order of June 29, 2006 denying his motion to consolidate cases and his motion for an evidentiary hearing.

Local Rule 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case.  See E.D. Mich. LR 7.1(h).

Petitioner's arguments present the same issues previously ruled upon in denying his motion to consolidate and for an evidentiary hearing.  As such, Petitioner has failed to show that he is entitled to reconsideration.

### IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED.**

Petitioner's requests to amend his habeas petition are **DENIED.**

Petitioner's motion for reconsideration is **DENIED.**

Petitioner's motion for leave to prepare and file a second amended 2254 petition is **DENIED.**

Finally, Petitioner's motion for extension of time to prepare and file briefing on issues not yet briefed is **DENIED.**

The Court notes that Petitioner's fate lies in his own hands, as he is currently incarcerated on the 1981 conviction only after he was found guilty of violating his parole.

**SO ORDERED.**

    s/Avern Cohn
**AVERN COHN**
**UNITED STATES DISTRICT JUDGE**

**Dated:  July 17, 2006**

**I hereby certify that a copy of the foregoing document was mailed to the parties of record, Michael Ward, 128267, Charles Egeler Correctional Facility, 3100 Cooper Street,  Jackson, MI 49201 on this date, July 17, 2006, by electronic and/or ordinary mail.**

    s/Julie Owens
**Case Manager, (313) 234-5160**