UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                                      Case No. 04-CV-73725-DT
                                                         HONORABLE AVERN COHN

v.

HUGH WOLFENBARGER,

    Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
AND
MOTION FOR LEAVE TO FILE A SECOND AMENDED 2254 PETITION
AND
MOTION FOR AN EVIDENTIARY HEARING
AND
APPLICATION FOR THE APPOINTMENT OF COUNSEL.</u>**

On July 17, 2006, the Court denied petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, finding his claims to be without merit. The Court also denied petitioner's motion to amend his habeas petition, finding the amended habeas petition to be untimely. Petitioner has now filed a motion for reconsideration. Petitioner has also filed a motion for leave to file a second amended 2254 petition, a renewed motion for an evidentiary hearing, and a renewed motion for the appointment of counsel. For the reasons stated below, the motions are denied.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628,

632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See* E.D. Mich LR 7.1.

Here, petitioner has made a number of lengthy arguments in support of his motion for reconsideration. Because petitioner's arguments present the same issues previously ruled upon by the court in denying his petition for writ of habeas corpus, petitioner is unable to establish that he is entitled to have the court reconsider its previous decision to deny habeas relief. *Taylor,* 313 F. Supp. 2d at 706. Petitioner's motion for reconsideration will therefore be denied, because petitioner is merely presenting issues which were already ruled upon by the court, either expressly or by reasonable implication, when the Court denied his petition for writ of habeas corpus.

Petitioner's motion for leave to file a second amended 2254 petition will also be denied, for the same reasons stated by the Court when it originally denied petitioner's motion to amend the habeas petition to add additional claims.

Petitioner has also filed a renewed motion for an evidentiary hearing. A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). In light of the fact that petitioner's claims are devoid of merit, he is not entitled to an evidentiary hearing.

Finally, petitioner's motion for the appointment of counsel will be denied. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lacked any merit, the Court properly denied petitioner's request for the appointment of counsel. *See Stanback v.*

*Jones,* 878 F. Supp. 1117, 1118 (8th Cir. 1989).

## II.

For the reasons stated above, petitioner's motion for reconsideration, motion for leave to file a second amended habeas petition, motion for an evidentiary hearing, and motion for the appointment of counsel are **DENIED.**

**SO ORDERED.**

Dated: August 7, 2006

　　　　　　　　　　　　　　　　s/Avern Cohn
　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 7, 2006, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160