UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                                Civil No. 04-CV-73725-DT
                                                    HONORABLE AVERN COHN

v.

HUGH WOLFENBARGER,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE OR AMEND JUDGMENT
## AND
## DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY
## AND
## GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

I.

This is a habeas case under 28 U.S.C. § 2254. On July 17, 2006, the Court denied petitioner's application, finding his claims to be without merit. The Court also denied petitioner's motion to amend his habeas petition, finding the amended habeas petition to be untimely. On August 7, 2006, the Court denied petitioner's motions for reconsideration, for leave to file a second amended 2254 petition, for an evidentiary hearing, and for the appointment of counsel.

Before the Court is petitioner's motion to vacate or amend the judgment pursuant to Fed. R. Civ. P. 60(b)(1); (2) and motion for a certificate of appealability. For the reasons that follow, the motions will be denied. Petitioner also requests to proceed in forma pauperis on appeal. This request is GRANTED. See Fed. R. App. 24(a).

II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Importantly, a motion under Fed. R. Civ. P. 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. Rodger v. White, 996 F. 2d 1216, 1993 WL 210696, * 1 (6th Cir. June 15, 1993). Petitioner's motion fails to offer any arguments which were not already previously considered and rejected in its prior orders. Accordingly, the motion is DENIED.

III.

Petitioner has also requested a certificate of appealability. Before petitioner can appeal the court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

2

constitutional claims debatable or wrong." Id. at 484.  The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

Here, the Court found that petitioner's re-sentencing claim lacked merit, because petitioner had no federal constitutional right to the retroactive application of more lenient state sentencing rules.  The Court further found that petitioner's sentence did not constitute cruel and unusual punishment.  The Court rejected petitioner's second claim

on the grounds that there is no federal constitutional right to a pre-sentence investigation and report; thus, any inaccuracies in the report would not entitle petitioner to relief. Having carefully reviewed the record and petitioner's motion, the Court finds that petitioner is not entitled to a COA on these claims because jurists of reason would not find the Court's resolution of these claims to be debatable.

The Court also declined to allow petitioner to amend his habeas petition to add new claims because the motion to amend was untimely and the amended claims did not relate back to the date of his original petition because the amended claims differed in time and type from the claims raised in the initial habeas pleading. The Court finds that jurists of reason would not find the refusal to permit the untimely amendment of the original habeas petition to be debatable. As such, petitioner is not entitled to a COA on this issue.

IV.

For the reasons stated above, petitioner's motion to vacate or amend the judgment and motion for a COA are DENIED.

SO ORDERED.

            __s/Avern Cohn_____
            **HON. AVERN COHN**
            UNITED STATES DISTRICT JUDGE

DATED: August 22, 2006
    Detroit, Michigan